# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LILLIAN COLON,

                Plaintiff,

-vs-                                      Case No.  6:05-cv-1234-Orl-28JGG

KRISHNA LAUNDRY, INC.,  ASHOK
PATEL,

                Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration with an evidentiary hearing and oral argument on February 28. 2006. on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR APPROVAL OF SETTLEMENT; MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 18)** |
| **FILED:** | **December 16, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiff Lillian Colon sued Defendants for violation of the Fair Labor Standards Act of 1938. as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay her overtime wages and the required minimum wage.  Plaintiff's complaint also contained state law claims related to her unpaid wages.  Defendants answered the complaint, denying the allegations and asserting that Plaintiff had been repeatedly informed her last pay check was available for pick up but that Plaintiff refused to pick

up her check. Docket 6. The answer, however, was signed by the individual defendant (Ashok Patel) who is not an attorney. Rather than strike the answer at that time, the corporate defendant, Krishna Laundry, Inc. d/b/a Laundry Express, was given the opportunity to file an answer signed by an attorney. Docket 10.

An attorney filed a notice of appearance on behalf of the defendants [Docket 11], and moved to withdraw less than two weeks later. Docket 12. No answer signed by an attorney was filed on behalf of the corporate defendant. On the same date that defense counsel moved to withdraw, Plaintiff filed her motion to approve the settlement. Docket 14.

This Court denied defense counsel's motion to withdraw without prejudice. The Honorable John Antoon denied without prejudice Plaintiff's motion to approve the settlement, with instructions that an amended filing should include the number of hours for which the Plaintiff was not compensated and the rate at which the Plaintiff should have been compensated. Docket 17.

Plaintiff filed her amended motion on December 16, 2005. Docket 18. The attached settlement agreement is signed by Plaintiff and the individual plaintiff Ashok Patel. The signature line for the representative of the corporate defendant, however, is blank. Defendants filed no response to Plaintiff's motion to approve the settlement and dismiss the case.

The Court noticed an evidentiary hearing to be held on February 28, 2006. Docket 19. The notice required all parties and their counsel to appear, and to be prepared to present evidence regarding: 1.) the existence of a settlement agreement as the corporate defendant, Krishna Laundry Inc. d/b/a Laundry Express, has not unambiguously signed the agreement; 2.) the amount of unpaid wages owed; 3.) whether Plaintiff refused payment of tendered wages [see Docket 6 at 3]; and 4.) the reasonableness of the settlement. *Id.*

-2-

Appearing at the hearing were Plaintiff's counsel, Charles Scalise, and Plaintiff Lillian Colon. Also appearing were defense counsel Jeffrey B. Jones and Bertha Medina-Alexander. Defendant Ashok Patel did not appear. Defense counsel explained that they had not talked to Patel since approximately November 9, 2005, when Patel informed defense counsel that he no longer desired their services. Jones informed the Court that he had left messages for Patel regarding the evidentiary hearing, but that Patel did not return his telephone calls.

I.     THE LAW

A.     Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage

or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim. no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity. expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors. the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

## B.    Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the

lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.   APPLICATION

Plaintiff's motion claims that Plaintiff worked for the Defendants from March 30, 2005 to June 13, 2005. Docket 18. In the motion, Plaintiff states that the Defendants agreed to compensate Plaintiff at a rate of $7.00 per hour. Plaintiff claims the Defendants failed to pay her for 42.5 hours worked from May 30, 2005, to June 5, 2005, 42.5 hours worked from June 6, 2005 to June 12, 2005, and 9 hours worked on June 13, 2005.

On direct examination, Plaintiff's testimony regarding her hours and the amount of her pay varied from the information contained in her motion. Plaintiff testified that she worked 1.5 hours of overtime every day for two weeks, and that her regular hourly rate was $6.50 per hour. Plaintiff kept no records of the hours that she worked, and presented no records maintained by the Defendants. Plaintiff further testified that Defendants never tendered her last paycheck. She admits that she discussed her last paycheck with Patel, but that Patel said that he intended to deduct from her final paycheck an amount that was missing from the cash register. Patel was supposed to call her regarding the amount of her final paycheck, but never did. Plaintiff denies taking any money from the cash register.

Plaintiff expressed some doubt and hesitancy when she testified regarding the hours that she worked and her regular hourly rate. The Court, therefore, credits the amounts set forth in Plaintiff's motion as being accurate.

The FLSA provides in pertinent part that employers are required to pay nonexempt employees at the rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).   Based on these allegations, Plaintiff worked a total of five hours of overtime.  Using the amount of $7 per hour as Plaintiff's regular hourly rate, Plaintiff was owed $52.50 for unpaid overtime.  With respect to the straight-time worked, Plaintiff claims entitlement to the federal minimum wage of $5.15 per hour.   Eighty-nine hours of straight-time at the federal minimum wage rate of $5.15 equals $458.35.  Under the FLSA, therefore, Plaintiff would be entitled to $510.85 in back wages.  With liquidated damages, the amount would be doubled.[2] Defendants answer admits Plaintiff was owed $598.43 for her final paycheck, but denies violating the law and alleges attempted tender of Plaintiff's pay.  Docket 6 at 3.  This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case.  Scalise informed the Court that he dealt directly with Patel regarding the settlement, and that Scalise understood the settlement to be on behalf of both defendants.  Defense counsel also stated that they understood that Patel intended to settle all claims directly with Scalise.  Scalise further informed the Court that Patel has tendered a check to Scalise in full payment of the settlement amount.

Defendants agreed to pay $1,000 to Plaintiff and to pay Plaintiff's counsel $3,000 in attorneys' fees.  The Court finds that $1,000 is a reasonable settlement of Plaintiff's claim under the FLSA.

---

[2] If the Court were to calculate the amount owed based on $7 per hour for straight-time and $10.50 for overtime work, the amount of back pay owed would be $675.50.  At the hearing, Plaintiff's counsel stated that his calculations of the total amount due, including penalties was in excess of $1,300.

Further, the FLSA provides for the recovery of attorneys' fees, and the parties agreed that $3,000 was a reasonable amount for attorneys' fees in this case.

Accordingly, it is **RECOMMENDED** that:

1.      Plaintiff's amended motion for approval of settlement and motion to dismiss the case with prejudice be **GRANTED;**

2.      The Court dismiss the case with prejudice;

3.      The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on February 28, 2006.


James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon, II
Counsel of Record
Courtroom Deputy